IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERRENCE T. COLER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0575-M-BD |
| | § | |
| K. WESTER, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Terrence T. Coler, a former inmate at the Dallas County Jail, accusing three Dallas police officers of false arrest and retaliation. On March 21, 2011, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court also sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. On April 5, 2011, the unopened envelope containing the interrogatories was returned to the clerk with the

notation, "Return to Sender. Not in Dallas County Jail." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiff at the Dallas County Jail--the only address listed in his complaint. However, plaintiff is no longer incarcerated at that facility and has not provided the court with his current address.[1] Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Chieves v. Greyhound Bus Station*, No. 3-08-CV-2294-L, 2009 WL 464237 at *2 (N.D. Tex. Feb. 24, 2009) (dismissing *pro se* complaint for failure to provide court

---

[1] The form civil rights complaint filed by plaintiff advises that "[i]t is your responsibility to inform the Court of any change of address and its effective date . . . Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure." (Plf. Compl. at 2).

with current address); *Washington v. Dallas County*, No. 3-08-CV-1355-B, 2008 WL 4791870 at *1 (N.D. Tex. Oct. 30, 2008) (same).

### **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 12, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE